UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARQUIS KINNEL,<br>    *Plaintiff*,<br><br>    v.<br><br>COMMISSIONER QUIEROS, et al.,<br>    *Defendants*. | No. 3:22-cv-399 (VAB) |

**RULING AND ORDER ON MOTION FOR RECONSIDERATION AND MOTION FOR APPOINTMENT OF COUNSEL**

Marquis Kinnel ("Plaintiff"), currently incarcerated at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, and proceeding *pro se*, has sued Connecticut Department of Correction ("DOC") Commissioner Angel Quiros, Osborn Correctional Institution ("Osborn") Warden Jesus Guadarrama, LPN-HSARC Andre Samuda, LPN Cummings, APRN Elizabeth Heap, and APRN China McPherson, all of whom are DOC employees, for civil rights violations related to an injury Mr. Kinnel suffered when he fell from a top bunk in his cell at Osborn. Compl., ECF No. 1 (March 17, 2022).

On September 2, 2022, the Court issued an Initial Review Order dismissing Mr. Kinnel's claims against Commissioner Quiros, Warden Guadarrama, and APRN McPherson and permitting Mr. Kinnel's Eighth Amendment claims for damages against LPN Cummings, LPN Samuda, and APRN Heap to proceed. Initial Review Order, ECF No. 19 ("IRO"). Mr. Kinnel now moves for reconsideration of the Court's dismissal of his claims against Commissioner Quiros and Warden Guadarrama and for appointment of counsel. Mot. for Reconsideration, ECF No. 23; Mot. for Appointment of Counsel, ECF No. 22.

1

For the following reasons, the Motion for Reconsideration is **DENIED** and the motion for appointment of counsel is **GRANTED**.

I.  BACKGROUND

The Court presumes familiarity with the factual background of this case, which is set forth in the Court's Initial Review Order. ECF No. 19.

In its Initial Review Order, the Court dismissed Mr. Kinnel's claims against Commissioner Quiros and Warden Guadarrama because Mr. Kinnel had not alleged facts which showed that these supervisory defendants were "actually aware of a substantial risk that the plaintiff would suffer serious harm as a result of their conduct." IRO at 10–11 (citing *Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006)). The Court noted that there is no distinct test for supervisory liability and that Commissioner Quiros and Warden Guadarrama are not liable for Mr. Kinnel's injuries merely because they were responsible for supervising the individuals who committed the alleged constitutional violations. *Id.* at 11 (citing *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020)). The Court also determined that Mr. Kinnel had alleged plausible Eighth Amendment claims against LPN Cummings, LPN Samuda, and APRN Heap. Accordingly, the Court permitted these claims to proceed.

On September 14, 2022, Mr. Kinnel filed a Motion for Reconsideration, urging the Court to permit his claims against Commissioner Quiros and Warden Guadarrama to proceed as well. Mot. for Reconsideration, ECF No. 23. He argues that if these two defendants had "done their due diligence, and made sure that there was a safe way for *any* inmate, with or without an injury, to come down from a top bunk, the injury to the plaintiff would not be as bad as it is." *Id.* at 1.

On the same day, Mr. Kinnel also moved for appointment of counsel. Mot. to Appoint Counsel, ECF No. 22.

## II.     STANDARD OF REVIEW

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). Instead, "[a] motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

## III.    DISCUSSION

In his Motion for Reconsideration, Mr. Kinnel argues that his claims against Commissioner Quiros and Warden Guadarrama should be allowed to proceed because his injury could have been prevented if these defendants had ensured there was a safe way for inmates to descend from the top bunk. Mot. for Reconsideration 1, ECF No. 23. Thus, these defendants "failed to provide a safe living condition for the plaintiff, and should be held responsible for not doing so." *Id.* at 2.

The Motion for Reconsideration does not identify any intervening change of law, new evidence, or controlling decision that was overlooked by the Court. Instead, Mr. Kinnel presents

the same argument that Commissioner Quiros and Warden Guadarrama failed to take adequate steps to prevent his injury. Mr. Kinnel also suggests that Commissioner Quiros and Warden Guadarrama are liable for failing to ensure that "*any* inmate, with or without an injury," could safely descend from a top bunk. *Id.* at 1.

Mr. Kinnel's argument for reconsideration is essentially a claim that Commissioner Quiros and Warden Guadarrama were negligent. But as the Court pointed out in the Initial Review Order, "a defendant's mere negligence is not cognizable on an Eighth Amendment deliberate indifference claim." IRO at 10 (citing *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003)). Thus, it is not enough that Commissioner Quiros and Warden Guadarrama failed to do their due diligence; they must have actually known that Mr. Kinnel faced a substantial risk of serious harm. *See id.* (citing *Salahuddin v. Goord*, 467 F.3d 263, 280–81 (2d Cir. 2006)).

Mr. Kinnel also does not plausibly allege that the failure to provide any inmate with a ladder or other assistance in accessing the top bunk violates the Eighth Amendment. He presents no allegations that other inmates were injured falling from the top bunk and no other grounds for concluding that the absence of ladders posed "a substantial risk of serious harm" to inmates' health or safety. *Id.* at 9 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Accordingly, Mr. Kinnel offers no basis for reconsidering the Initial Review Order, and the Court will deny his motion for reconsideration.

### III.   CONCLUSION

Mr. Kinnel's motion for reconsideration is **DENIED**.

In the Initial Review Order, the Court permitted Mr. Kinnel's individual capacity claims against Defendants LPN Cummings, LPN Andre Samuda, and APRN Elizabeth Heap to proceed. Mr. Kinnel's motion for appointment of counsel to pursue these claims is **GRANTED**. The

Court respectfully requests that the Clerk of Court appoint Mr. Kinnel representation from the Pro Bono Panel.

      **SO ORDERED** at Bridgeport, Connecticut, this 7th day of October, 2022.

                                      /s/ Victor A. Bolden
                                      VICTOR A. BOLDEN
                                      UNITED STATES DISTRICT JUDGE